314 So.2d 189 (1975)
Irvin FREEDMAN, Appellant,
v.
James G. GEIGER, Jr., and Laura A. Geiger, His Wife, Appellees.
No. 74-1616.
District Court of Appeal of Florida, Third District.
June 17, 1975.
Rehearing Denied July 1, 1975.
Leo Greenfield, N. Miami, for appellant.
Herbert S. Rose, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Irvin Freedman, defendant and lessee, appeals from an order of default and final judgment entered thereon by the trial court, and James G. Geiger, Jr., and Laura Geiger, his wife, plaintiffs and lessors, *190 cross-appeal from an order of such court denying a motion for partial summary judgment in their favor with respect to all claims raised against the defendant in the complaint.
This litigation grew out of a lease agreement and option to purchase the home which the Geigers own and lease to Freedman. At the time of the execution of the lease, the home was not completed and no certificate of occupancy had been issued.
The Geigers filed suit alleging that Freedman had breached the lease by failing to pay the monthly rental and by failing to provide lien releases from all contractors or laborers working on the premises. In his answer and counterclaim, Freedman alleged that the Geigers failed to complete certain work on the premises according to the lease agreement, and that they failed to provide a certificate of occupancy. He further alleged that he was delayed some five months in taking possession of the home due to its unfinished condition, which negated his obligation to pay rent for this period, and finally, that the Geigers owed Freedman substantial sums of money for work which Freedman had completed in order to make the premises habitable.
The trial court entered an order directing Freedman to place the back rent into the registry of the court in the sum of $7,200.00 (Six months at $1,200 per month), and to pay into the registry of the court each monthly rental payment as it became due. Disbursement of such funds was permitted for mortgage payments, insurance and taxes. We note that there was, at all times, a sufficient amount of money to make the necessary payments.
Freedman complied with the order until October 1, 1974, when he failed to place the rent payment into the registry of the court. On October 7, 1974, upon application of the Geigers, default against Freedman was denied. On October 18, 1974, the Geigers again moved for default since the check dated October 7, 1974, did not clear the bank and was returned to the court registry. Freedman deposited a new check into the registry of the court prior to the hearing on the motion for default on October 18, 1974. However, the trial court granted the motion for default and thereafter entered final judgment for the Geigers, leaving open the issue of damages but, in effect, precluding specific performance of Freedman's option to purchase the home under the terms of the option in the lease.
Apparently the trial court relied on § 83.60(2), Fla. Stat., which provides that,
"(2) In an action by the landlord for possession of a dwelling unit based upon nonpayment of rent, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. Failure of the tenant to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default."
Although the Geigers' complaint contains, inter alia, a demand for possession, it also seeks other relief from Freedman, and Freedman's answer and counterclaim not only denies the rental payments claimed by the Geigers to be due, but also seeks damages. This cause, then, is not an action solely for possession in which the statute could be applied to afford complete and appropriate relief.
As a general rule, the policy of the courts of Florida in setting aside defaults in order to permit a trial on the merits is one of liberality. North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849. Therefore, under the circumstances presented, the order of default and final judgment entered pursuant thereto, are reversed and remanded to the trial *191 court with directions to proceed to full trial on the merits. We find no merit in the point raised in the plaintiffs' cross-appeal.
Reversed and remanded with directions.