445 So.2d 1032 (1984)
K.D. LEWIS ENTERPRISES CORPORATION, INC., a Florida Corporation, Appellant/Cross-Appellee,
v.
Edward SMITH, Lucy Lang and Mildred Williams, Appellees/Cross-Appellants.
Nos. 82-1313 to 82-1315.
District Court of Appeal of Florida, Fifth District.
January 5, 1984.
Rehearing Denied February 21, 1984.
*1033 William E. Weller of Rose & Weller, Cocoa Beach, for appellant/cross-appellee.
Judith E. Koons of Central Florida Legal Services, Inc., Cocoa, for appellees/cross-appellants.
James R. Grow and Richard E. Blumberg of The Nat. Housing Law Project, Berkeley, Cal., amicus curiae, on behalf of appellees/cross-appellants.
FRANK D. UPCHURCH, Jr., Judge.
K.D. Lewis Enterprises Corporation, Inc., the owner and landlord of an apartment complex in Brevard County, appeals from a judgment awarding compensatory and punitive damages to several of its tenants, the appellees, for negligence. The tenants cross-appeal contending that the court erred in directing a verdict on the remaining portions of their counterclaim and on other grounds.
The tenants withheld payment of rent claiming that the landlord did not maintain their apartments and that a rental increase was unfair. When the rent was not paid, the landlord brought an action to recover possession. The tenants counterclaimed for declaratory and injunctive relief and damages. The counterclaim included an action for breach of contract and an action in tort for breach of the landlord's duty to comply with applicable housing standards and housing codes, and breach of the duty of good faith in performance of the lease agreement.
The landlord moved to require the tenants to deposit the rent into the registry of the court pursuant to section 83.60(2), Florida Statutes (1981). When they failed to do so, the court issued writs of possession against Smith and Lang and entered a judgment of possession against Williams who had already vacated the premises.
The three cases were consolidated for the purpose of a joint trial. At a pre-trial *1034 conference, the court denied the landlord's motions to dismiss the counterclaim and for judgment on the pleadings. However, the landlord was permitted to raise, over objection, the affirmative defenses of recoupment for unpaid rent and waiver of damages prior to delivery of the tenants' notices of intention to withhold rent.
A jury trial was then held on the tenants' counterclaim. Following the tenants' case, counsel for the landlord moved for a directed verdict on the negligence and contract claims. After the landlord's case, the trial court directed a verdict against the landlord on the negligence claim and directed a verdict against the tenants on the other counts due to the court's belief that damages could not accrue until seven days after the tenants had delivered written notice of their intention to withhold rent.[1]
In light of the trial judge's rulings, the tenants took voluntary dismissals of the remaining counts of their counterclaim. Thus, only the issues of compensatory damages, punitive damages, and recoupment were submitted to the jury. Verdicts of compensatory damages for the tenants were entered in the amounts of $900 for Smith, $300 for Williams, and $900 for Lang. Punitive damages of $1,000, $400, and $1,100 were awarded to Smith, Williams, and Lang, respectively. The landlord was allowed recoupment of $900 against Smith, $300 against Williams, and $900 against Lang.
The first issue we consider is whether the court erred in refusing to permit the tenants to appear as representatives of a class composed of all the tenants in the complex. Florida Rule of Civil Procedure 1.220 establishes the prerequisites for class representation. When class representation is sought, the trial court must conclude that:
1. The members of the class are so numerous that separate joinder of each member is impracticable;
2. The claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class;
3. The claim or defense of the representative party is typical of the claim or defense of each member of the class;
4. The representative class can fairly and adequately protect and represent the interests of each member of the class.
Fla.R.Civ.P. 1.220(a).
Although class representation does not require an absolute identity of questions of law and fact among its members, issues such as involved here make probable substantially variable facts giving rise to different claims. While each tenant may have been affected by the omissions or non-compliance of the landlord, the extent, nature, and effect of such omission or noncompliance would unquestionably vary from apartment to apartment and from tenant to tenant. Therefore, we conclude that the trial court correctly refused to permit the tenants to appear as representatives of a class.
The next question is whether the trial court correctly issued the writs of possession. Resolution of this issue requires a consideration of section 83.60, Florida Statutes (1981):
Remedies; defenses to action for rent or possession; procedure. 
(1) In an action by the landlord for possession of a dwelling unit based upon nonpayment of rent or in an action by the landlord under s.83.55 seeking to recover unpaid rent, the tenant may defend upon the ground of a material noncompliance with s.83.51(1) [F.S. 1973], or may raise any other defense, whether legal or equitable, that he may have. The defense of a material noncompliance with s.83.51(1) [F.S. 1973] may be raised by the tenant if 7 days have elapsed after the delivery of written notice by the tenant to the landlord as prescribed in s.83.56(4) *1035 [F.S. 1973], specifying the noncompliance and indicating the intention of the tenant not to pay rent by reason thereof. A material noncompliance with s.83.51(1) [F.S. 1973] by the landlord is a complete defense to an action for possession based upon nonpayment of rent, and, upon hearing, the court or the jury, as the case may be, shall determine the amount, if any, by which the rent is to be reduced to reflect the diminution in value of the dwelling unit during the period of noncompliance with s.83.51(1) [F.S. 1973]. After consideration of all other relevant issues, the court shall enter appropriate judgment.
(2) In an action by the landlord for possession of a dwelling unit based upon nonpayment of rent, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court, the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. Failure of the tenant to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default.
Tenants Smith and Lang contend that they were entitled to stay in their apartments without paying rent and without depositing the rent into the registry of the court. The tenants argue that the requirement of a rent deposit under section 83.60 applies only to an action for possession and that it does not apply here because the action for possession was coupled with counterclaims for injunctive relief and damages. In other words, the tenants argue that if they affirmatively seek relief the requirement of deposit of rent is no longer required. We do not agree.
At oral argument, counsel for the tenants candidly conceded that had the tenants' suit proved to be without merit, a judgment for rent owed would have been valueless because they were "judgment proof." We believe the Legislature anticipated such an eventuality in drafting the statute. As now framed, the landlord may recover his rent should the tenants' suit have no legal basis. On the other hand, should the tenants' suit have merit, the rent is not lost to them. To follow the course suggested by the tenants would enable a devious tenant to live rent free during the litigation, if he could frame a legally sufficient pleading. We see no more reason to expect a landlord to continue furnishing housing without rent than to expect an oil supplier to continue furnishing oil without payment during a period of litigation. Therefore, we have concluded that the trial judge was correct in issuing the writs of possession upon the refusal of Smith and Lang to deposit rent as required by the statute.
By so holding, we do not mean to imply that by failing to deposit rent, a tenant's cause of action is lost to him. He loses only his right to retain possession of the premises if he fails to pay the rent to the landlord or into the registry of the court. Any cause of action against the landlord to which he may be otherwise entitled is still available to him.
The tenants attempted to support their position by citing Freedman v. Geiger, 314 So.2d 189 (Fla. 3d DCA 1975). In that case, the litigation arose from a lease agreement and option to purchase a home owned by the Geigers and leased to Freedman. Rent was not paid and the Geigers sought possession. Freedman counterclaimed contending that the home had not been completed and that the Geigers had not furnished a certificate of occupancy.
The trial court entered an order directing Freedman to place the back rent into the registry of the court in the sum of $7,200.00, and to pay into the registry of the court each monthly rental payment as it became due. Freedman complied with the order until October 1, 1974, when he failed to place the rent payment into the registry of the court. The Geigers then moved for a default but the motion was *1036 denied. On October 18, 1974, the Geigers again moved for default since a check dated October 7, 1974, had not cleared the bank and was returned to the court's registry. Freedman deposited a new check into the registry of the court prior to the hearing on the motion for default. However, the trial court granted the motion for default and then entered final judgment for the Geigers.
In so doing, the trial court had apparently relied on section 83.60(2). The appellate court reversed the order of default and final judgment, stating:
Although the Geigers' complaint contains, inter alia, a demand for possession, it also seeks other relief from Freedman, and Freedman's answer and counterclaim not only denies the rental payments claimed by the Geigers to be due, but also seeks damages. This cause, then, is not an action solely for possession in which the statute could be applied to afford complete and appropriate relief.
314 So.2d at 190.
While this language is capable of the construction urged by the tenants, we think the holding should be limited to its facts. Freedman complied with the court order until the October payment was due. After his check for the October payment failed to clear, he deposited a new check into the court's registry. Thus, unlike the tenants here, Freedman was in substantial compliance with the court's order requiring payment of the rent into the registry of the court.
We interpret this case as simply following the established policy of liberality in setting aside defaults to permit a trial on the merits. We do not find it persuasive for the position that any time a claim for possession is opposed by a counterclaim no deposit of rent into the registry of the court is required if the tenant intends to withhold payment of rent.
The next question we address is whether the court erred in directing a verdict against the tenants. The tenants included several counts in their counterclaim other than negligence, the only count ultimately submitted to the jury. The tenants contend that the court erred in directing a verdict against them as to those counts. The record, however, does not reflect that action by the court. When the court announced that it would grant a directed verdict to certain issues regarding the requirements of notice under section 83.56(1), Florida Statutes (1981), counsel for the tenants took a "voluntary dismissal"[2] of all counts except the count founded on negligence. While this procedure was irregular, no directed verdict was entered and the counts were not considered by the jury. We conclude that these claims were simply abandoned by the tenants and the error sought to be raised by the tenants was not preserved for appeal.
As was previously noted, after the case was submitted on the remaining count of negligence, the jury returned verdicts for compensatory damages of $900 for Smith, $300 for Williams, $900 for Lang, and allowed the landlord a set-off for unpaid rent in these same amounts. As a consequence, the net judgment for each tenant for compensatory damages was zero.
The first question we address regarding the damage award is whether the court erred in permitting the landlord to amend its answer to raise the affirmative defenses of recoupment and waiver due to a lack of written notice of defects.
Florida Rule of Civil Procedure 1.190(a) provides that leave of court to amend shall be freely given when justice so requires. The landlord originally sought only possession in the county court. The motion to amend was filed sixty days after the answer to the counterclaim was filed and ten days before trial. Amendments to *1037 pleadings are favored and should be liberally allowed in furtherance of justice and to ensure that each case is determined on its real facts. Fla.R.Civ.P. 1.190. The decision of the trial judge to grant or refuse an amendment should not be disturbed absent some demonstration that he abused his discretion. McSwiggan v. Edson, 186 So.2d 13 (Fla. 1966). The tenants have failed to allege, much less demonstrate, how they were prejudiced in their defense by the court's order permitting the amendment. We therefore conclude that the decision was within the court's discretion and there was no error.
The next question is whether the evidence supports a finding of compensatory damages. In the Lang and Williams cases, there was evidence as to the damages suffered by the tenants. In Lang's case, clothes in the amount of $300 were damaged because of a leak in her closet. Williams testified she drove her car into a pothole in the parking area causing $100 in damage. No other specific injuries were demonstrated as to any person or property. As to Smith, he did not even testify or appear at the trial and problems with his unit were related by other witnesses.
The tenants assert that, as an additional element of damages, the jury was entitled to find "diminishment in value" of the rental premises under a negligence theory. In other words, the landlord breached its duties under the housing codes and its contractual obligations under the lease and as a result, the tenants did not receive as valuable a leasehold as they should have had the landlord lived up to his obligations. We conclude, however, that the tenants are incorrect and that they are arguing a contract theory of recovery rather than tort. For example, under a contract to sell a car load of canned beans a canner agrees to furnish beans of a certain grade and quality. Through disregard of this duty or obligation, he furnishes a product not fit for consumption. If the buyer learns of the defect, his damages are limited to those available under contract even though there has been what may be termed a negligent breach of the duty imposed by the contract. On the other hand, he consumes some of the beans and becomes ill, he also has a cause of action for negligence for his personal injuries.
To recover for diminishment in the value of the premises, it is necessary for the tenant to comply with section 83.56, Florida Statutes (1981), which provides as follows:
Remedies; termination of rental agreement.
(1) If the landlord materially fails to comply with s.83.51(1) [F.S. 1973] or material provisions of the rental agreement within 7 days after delivery of written notice by the tenant specifying the non-compliance and indicating the intention of the tenant to terminate the rental agreement by reason thereof, the tenant may terminate the rental agreement. If the failure to comply with s.83.51(1) [F.S. 1973] or material provisions of the rental agreement is due to causes beyond the control of the landlord and the landlord has made and continues to make every reasonable effort to correct the failure to comply, the rental agreement may be terminated or altered by the parties, as follows:
* * * * * *
(b) If the landlord's failure to comply does not render the dwelling unit untenantable and the tenant remains in occupancy, the rent for the period of noncompliance shall be reduced by an amount in proportion to the loss of rental value caused by the noncompliance.
* * * * * *
(5) If the landlord accepts rent with actual knowledge of a noncompliance by the tenant or accepts performance by the tenant of any other provision of the rental agreement that is at variance with its provisions, or if the tenant pays rent with actual knowledge of a noncompliance by the landlord or accepts performance by the landlord of *1038 any other provision of the rental agreement that is at variance with its provisions, the landlord or tenant waives his right to terminate the rental agreement or to bring a civil action for that noncompliance, but not for any subsequent or continuing noncompliance.
The tenants contend that under Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981), the court gave the tenant a cause of action in negligence for the diminution in value of their leasehold. We disagree. First, Mansur was not a tenant in the unit where he was injured. Second, the court merely abandoned the doctrine of caveat lessee. It did not create a new cause of action in tort for the diminution in value of the premises. It only extended a duty to the landlord which had formerly been transferred to the tenant with possession. To accept the tenants' argument that the notice under section 83.56 is not required because they framed their claim in negligence would defeat the legislative requirement of notice. Of course, where a tenant or his property is injured by the negligence of the landlord, his cause of action requires no notice under the statute.
In summary, we reject the tenants' contention that they could recover damages under a negligence theory for the diminution in value of their premises. However, since there was some evidence of damage to the property of Lang and Williams, and the jury allowed a set-off in the exact amount of the compensatory damages, we affirm those awards. As to Smith, we hold that the trial court should have directed a verdict in favor of the landlord on the negligence count.
The final question is whether punitive damages were properly awarded. In their counterclaim, the tenants alleged that the landlord caused their injuries with wanton disregard or reckless indifference to their rights. Punitive damages are justified where torts are committed with fraud, actual malice, or deliberate violence or oppression, or when the defendant acts wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936). We have reviewed the evidence and conclude that it fails to rise to this level. Therefore, the court should have granted the landlord's motion to set aside the verdicts on punitive damages.
AFFIRMED in part, REVERSED in part.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] See § 83.60(1), Fla.Stats. (1981).
[2] Under Florida Rule of Civil Procedure 1.420, only an entire action may be voluntarily dismissed; there can be no partial dismissal and no dismissal of less than all causes of action. Deseret Ranches of Florida, Inc. v. Bowman, 340 So.2d 1232 (Fla. 4th DCA 1976), and cases cited therein.