PER CURIAM.
This cause is before us by petition for a writ of common-law certiorari. Petitioners contend that the denial of their demand for a jury trial as untimely was a departure from the essential requirements of law. We agree.
Respondents’ answer to petitioners’ third amended counterclaim and respondents’ reply to petitioners’ fifth and sixth affirmative defenses, which were served on November 26, 1984, incorporated by reference Count III for money damages,[1] a legal issue contained in the earlier pleadings. Thus, the pleadings were directed to the legal issue as required by Rule 1.430, Florida Rules of Civil Procedure.[2] Because the pleadings of November 26, 1984, were directed to this legal issue, on which petitioners are clearly entitled to a jury trial, the demand for jury trial served by mail December 7, 1984, and filed December 10, 1984, was timely.[3]
We do not address the question of which of the numerous potential issues in this case should be tried by a jury; nor do we determine the order in- which these jury and nonjury issues should be tried. These are matters for the trial court and are not properly before us on this appeal.
Accordingly, the writ is granted, the order denying petitioners’ demand for a jury trial as untimely is quashed, and the cause is remanded so that a jury trial can be held on all issues so triable and for which demand was made.
BOOTH, C.J., and WIGGINTON and BARFIELD, JJ., concur.

. The respondents’ answer to the third amended counterclaim, served by mail on November 26, 1984, contains the following paragraph:
35. For additional affirmative defenses here, the plaintiffs incorporate by reference all applicable allegations of their first amended complaint.
The first amended complaint referred to contains Count III for monetary damages.

. Rule 1.430, Florida Rules of Civil Procedure, in pertinent part:
Demand for Jury Trial; Waiver

(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than ten days after the service of the last pleading directed to such issue. The demand may be indorsed upon a pleading of the party.

.The ten-day limit under Rule 1.430, Florida Rules of Civil Procedure, is enlarged to fifteen days by Rule 1.090(e), Florida Rules of Civil Procedure, as the pleadings of November 26, 1984, were served by mail.