## WILLIAMS v SCRIMA, etc.

### Case No. M-85-7938-S

County Court, Palm Beach County

January 22, 1986

### APPEARANCES OF COUNSEL

**Paul Richard Bloomquist** for plaintiff.

**Joseph Jordan** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court on Defendant's Motion for Judgment on the Pleadings or Summary Judgment concerning Count II of Plaintiff's Amended Complaint.

This litigation concerns a security deposit in a residential tenancy governed by Part II, Chapter 83, Florida Statutes (1985). Count II specifically alleges that the Defendant breached Section 83.49 by failing to hold a security deposit in trust and by commingling or otherwise using those funds. Plaintiff then alleges that such conduct amounts to a

breach of a fiduciary relationship so willful and wanton as to justify an award of punitive damages.

A fiduciary relationship grows out of a principal-agent relationship where an agent must conform to the highest degree of care in his actions regarding the principal. *See, Smyrna Developers, Inc. v. Bornstein*, 177 So.2d 16 (Fla. 2d DCA 1965); *Quinn v. Phipps*, 113 So. 419 (Fla. 1927). Historically, the landlord-tenant relationship is not fiduciary in character. Although a landlord is required by statute to hold a tenant's security deposit in "trust," this duty does not amount to a conventional trust relationship since a landlord may lay claim to the funds at some point in the relationship. *See, In the Matter of Pal-Playwell, Inc.*, 334 F.2d 389 (2d Cir. 1964). Traditionally, a landlord tries to obtain the largest return possible on his investment, while a tenant wants as good an apartment as he can get for his money. In a relationship where the actors' interests are so at odds, the imposition of fiduciary duties is not appropriate.

This does not mean that no cause of action exists for a landlord's failure to comply with the deposit provisions of Section 83.49. Section 83.54, Florida Statutes (1985) provides that such a duty is enforceable by a civil action. Section 83.55 would allow the tenant to recover damages caused by the landlord's noncompliance with Section 83.49. However, punitive damages may only be awarded where a Plaintiff pleads and proves an independent tort apart from any statutory violation. *See, Lewis v. Guthartz*, 428 So.2d 222 (Fla. 1982); but *see, K.D. Lewis Enterprises Corp. v. Smith*, 445 So.2d 1032 (Fla. 5th DCA 1984). Accordingly, it is

ORDERED AND ADJUDGED that Count II of Plaintiff's Amended Complaint is dismissed. Plaintiff shall have twenty (20) days from the date of this Order within which to file an Amended pleading with respect to Count II, if she so desires.

DONE AND ORDERED in West Palm Beach, Florida this 22nd day of January, 1986.