## MURRELL v PALM BEACH COUNTY LEASED HOUSING CORPORATION, INC.

Case No. 87-3306-CA-01-B (County Court Case No. 86-2655-CC-13-D)

Seventh Judicial Circuit, Volusia County

February 9, 1988

### APPEARANCES OF COUNSEL

**Jim Dulfer,** Central Florida Legal Services, Inc., for appellant.

**Thomas J. Sweet** for appellee.

### OPINION OF THE COURT

R. MICHAEL HUTCHESON, Circuit Judge.

*OPINION*

THIS CAUSE arose in County Court upon a dispute between the landlord, Palm Beach County Leased Housing Corporation, Inc., the

plaintiff/appellee and the tenant, Yvonne Murrell, the defendant/appellant. The defendant leased an apartment from the plaintiff in a federally subsidized housing program and the defendant is an indigent single mother whose rent to the plaintiff was $6.00 per month.

Action was filed in County Court by the plaintiff for eviction of the defendant and during the course of the litigation, the defendant started depositing the $6.00 per month rent in the Registry of the Court.

The nonjury trial was scheduled before the lower Court on April 1, 1987, and was not concluded on that date, so was rescheduled for conclusion on June 10, 1987.

The rent was due on the 1st of each month and the defendant failed to deposit in the Court the $6.00 due on April 1, 1987, and the $6.00 due on May 1, 1987.

Then, the plaintiff filed its Motion for a Default on May 18, 1987, citing the provisions of Florida Statute Section 83.60(2). The Motion for Default was filed with the Court with copy to the defendant's lawyer, but no notice of hearing was set up.

Then, on June 1, 1987, the defendant deposited to the Court $18.00 reflecting the rent due April 1, 1987, May 1, 198, and June 1, 1987.

On June 10, 1987, the parties reconvened for the conclusion of the trial first started on April 1, 1987, whereupon the Judge considered the plaintiff's Motion for Default and entered his FINAL ORDER AND JUDGMENT FOR POSSESSION granting the default and deemed waived all defenses interposed by the defendant and gave the plaintiff immediate possession of the subject premises.

The defendant/appellant filed her appeal citing three (3) issues.

First, that the Court abused its discretion by entering a default and judgment against the defendant as she cured the basis for the default prior to the entry of the default judgment.

Secondly, that the trial Court improperly considered and granted the plaintiff's Motion for Default because no notice of hearing was served on the defendant and that she was not given notice that said default would be considered on June 10, 1987, at the continuation of the trial, which was not concluded in April.

Thirdly, that the trial Court unconstitutionally deprived an indigent defendant of her access to Court and her due process of rights.

The Court has determined that this appeal can be resolved on the first issue raised as to whether or not the default was cured prior to the entry of the default judgment thereby barring its entry.

27

Florida Statute Section 83.60(2) requires that in an action by a landlord for possession, if the tenant interposes any defense other than payment, the tenant shall pay into the Registry of the Court the rent due during pendency of the lawsuit. The statute goes on to say ". . . failure of the tenant to pay the rent into the Registry of the Court as provided herein constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default."

At issue is if a tenant fails to timely pay the rent into the Registry of the Court can said tenant cure said defect by paying the rent into the Registry of the Court before the Court enters its actual default or does the failure to timely pay automatically bar any cure of the defect.

The defendant/appellant argues that she was entitled to cure the defect as long as it was cured prior to the Judge actually entering a default against the defendant. The defendant/appellant cites Florida Rule of Civil Procedure 1.500(c) providing that ". . . a party may plead or otherwise defend at any time before default is entered. . . ."

The defendant/appellant cites several cases in her opinion supporting this position. It is noted that the cases cited did not construe the particular statute in question and were regarding defaults in filing timely pleadings rather than failure to pay due rent.

The plaintiff/appellee cites the Fifth District Court of Appeals decision of *K.D. Lewis Enterprises, Inc. v. Smith,* 445 So.2d 1032 (Fla. 5th DCA 1984), as authority that the default was properly entered.

In this decision, the Fifth District did rule that a tenant by failing to deposit the rent payments did lose his right to possession of the premises pursuant to Florida Statute 83.60(2), but it is noted in that decision the tenant did not pay any monies whatsoever into the Registry of the Court prior to the entry of the default judgment.

In the instant case, as previously noted, the defendant/appellant, though late, did pay the due amount into the Registry of the Court before the Judge entered his oral ruling granting the default on June 10, 1987.

This Court finds that the defendant/appellant, by depositing the overdue rent funds with the Registry of the Court on June 1, 1987, did timely cure the defect raised by the plaintiff in its Motion for Default filed May 18, 1987, and the trial Judge should not have considered and granted said Motion for Default at the continuation of the trial on June 10, 1987.

With this ruling, the Court does not have to reach the other two (2) issues raised by the defendant/appellant in her brief.

28

Accordingly, it is, ORDERED AND ADJUDGED that the FINAL ORDER AND JUDGMENT FOR POSSESSION entered by the lower Court on July 6, 1987, is hereby vacated and this matter is remanded to the lower Court for a continuation of the trial on the merits, which had not been concluded.

DONE AND ORDERED in Chambers at Daytona Beach, Volusia County, Florida, this 9th day of February, A.D., 1988.