# BACKUS v TOVAR
## Case No. 87-52-AP
Fourth Judicial Circuit, Duval County
November 21, 1988

## APPEARANCES OF COUNSEL

**Michael L. Brooks,** for appellants.

No appearance on behalf of appellees.

Before HENRY F. MARTIN, JR., Circuit Judge.

## OPINION OF THE COURT

The action in the court below involved a claim under a written lease by the landlords (Appellants) against their tenants (Appellees) for unpaid rent. Appellees raised an equitable defense based upon the alleged failure of the landlords to repair or maintain the leased

premises, a single-family residence. At trial, Appellants timely objected to the admission of any evidence in support of the Appellees' equitable defense upon the grounds that the tenant failed to give the seven day statutory notice required by Section 83.60(1), Florida Statutes. Said statute states in pertinent part:

> "In an action by the landlord under . . . § 83.55 seeking to recover unpaid rent, the tenant may defend on the ground of a material noncompliance with § 83.51(1) [F.S. 1973], or may raise any other defense, whether legal or equitable, that he may have, including the defense of retaliatory conduct in accordance with § 83.64. *The defense of a material noncompliance with § 83.51(1) [F.S. 1973] may only be raised by the tenant if seven days have elapsed after the delivery of written notice by the tenant to the landlord as prescribed in § 83.567(4) [F.S. 1973],* specifying the noncompliance and indicating the intention of the tenant not to pay rent by reason thereof." [Emphasis supplied]

It is undisputed that the said seven day notice was not given by Appellees. In its Amended Final Judgment, the lower court stated "that there is a split in the Florida District Courts of Appeal regarding the admissibility of such evidence despite the tenant's failure to provide the statutorily mandated seven days notice. This Court decided to follow those cases allowing such evidence. . . ." Appellate was denied recovery; thus, this appeal.

Generally, a tenant has the statutory right to withhold rent and avoid eviction where the landlord fails to comply with minimum housing codes, so long as the tenant has given the landlord seven days written notice to make repairs and the landlord has failed to do so. The prevailing authority appears to be that the giving of such notice is a condition precedent to raising such defense. *K.D. Lewis Enterprises Corp. Inc v Smith,* 445 So.2d 1032 (Fla. 5th DCA 1984); *McLennant v Rozniak,* 15 Fla.Supp. 2d 42 (Palm Beach County Ct. 1985).

The "split of authority" referred to by the trial court apparently appears in the case of *Zais v CF West Florida, Inc.,* 505 So.2d 577 (Fla. 4th DCA 1987). That case involved a situation where the tenant moved out of the property and brought suit against the landlord for damages for failure to make significant repairs. The Court observed that it was undisputed that notice had been given and that the landlord had knowledge of the defects in question. The method of giving notice is not disclosed in the Court's opinion, although the Court noted that "written demand" was not made by the tenant. That case does not appear to represent any demonstrable "split of authority" but, rather, some species of exception based upon the peculiar facts involved.

**117**

Accordingly, the trial court should have sustained the landlord's objection to the tenant's evidence relating to the equitable defense of failure to repair the premises in question because of the tenant's failure to give the statutory seven day written notice. Thus, the judgment appealed from must be and the same is hereby

REVERSED.