848 So.2d 1188 (2003)
FIRST HANOVER, et al., Appellants,
v.
Alfred VAZQUEZ, James Bogoeff, et al., Appellees.
No. 3D02-3146.
District Court of Appeal of Florida, Third District.
June 4, 2003.
*1189 Kiefner & Renaldo and Scott W. Fitzpatrick and John R. Kiefner, Jr., St. Petersburg, for Appellant Michael King; Hicks & Kneale and Brett C. Powell, for appellant, First Hanover, et al.
William A. Friedlander, Tallahassee, and Stephen Isherwood, Key West, for Appellee Bogoeff.
Before LEVY, RAMIREZ, and WELLS, JJ.
WELLS, Judge.
Michael King appeals the denial of a motion for default and writ of possession for non-payment of rent relating to real property that he owns in Key West. We reverse.
Initially we observe that such orders, although denying relief, have been held to be orders determining the right to immediate possession of property, and as such, are appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). See Florida Disc. Props. v. Windermere Condo., Inc., 763 So.2d 1084 (Fla. 4th DCA 1999)(concluding that an order denying a motion to require a tenant to pay rent into the registry of the court was appealable because it determined the right to immediate possession of property); Federal Home Loan Mortgage Corp. v. Molko, 584 So.2d 76 (Fla. 3d DCA 1991)(observing that an order denying mortgagee's request for the appointment of a receiver and directing mortgagor to pay rents into registry of court was an appealable interlocutory order, as the order determined the parties' rights to immediate possession of both mortgaged property and rents collected under the mortgage).
King is the record owner of two parcels of real property located in Key West, one at 2522 Staples Avenue, the other at 3339 Donald Avenue. The Staples Avenue property is leased to James Bogoeff and Cesar Davila; the Donald Avenue property is leased to Bogoeff alone. In June 2002, Bogoeff and Davila failed to pay the rent at the Staples Avenue property. The following month, Bogoeff failed to pay the rent at the Donald Avenue property. As a consequence, King filed two eviction actions, *1190 one relating to the Staples Avenue property, the other relating to the Donald Avenue property, seeking possession for non-payment of rent.
Bogoeff and Davila thereafter successfully moved to consolidate these two actions with a pending action, styled Vazquez v. Kamal, Case No. CA-K-02-866, in which they claimed that King had defrauded them into selling the properties that they currently were renting (and which were the subject of King's eviction actions).[1] However, before the actions were consolidated, the trial judge in the Donald Avenue action (the action involving property leased solely to Bogoeff), entered an order mandating the payment of rent on that property into the court registry failing which King would be entitled to a writ of possession. Because no similar order was entered prior to consolidation of the Staples Avenue action (the action involving the lease to Davila and Bogoeff), King sought in the consolidated action, to mandate, pursuant to section 83.60, Florida Statutes(2002), either payment of rent relating to that property into the court registry or entry of default and a writ of possession. That request was denied and is the subject of this appeal.
Section 83.60(2), without equivocation, provides:
In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due.... Failure of the tenant to pay the rent into the registry... constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon.
(Emphasis added).
Under this provision, tenants in actions for possession for non-payment of rent are obligated to pay rent as a condition to remaining in possession irrespective of their defenses and counterclaims.
In K.D. Lewis Enterprises Corp. v. Smith, 445 So.2d 1032 (Fla. 5th DCA 1984), the Fifth District upheld writs of possession against tenants who refused to pay rent claiming their landlord had failed to maintain the premises. The tenants argued that they were entitled to stay in their apartments without paying rent and without depositing rent into the court registry because the deposit requirement imposed by section 83.60 applied only to actions for possession, not to actions involving counterclaims for injunctive *1191 relief and damages. In rejecting this argument, the K.D. court stated:
[C]ounsel for the tenants candidly conceded that had the tenants' suit proved to be without merit, a judgment for rent owed would have been valueless because they were "judgment proof." We believe the Legislature anticipated such an eventuality in drafting the statute [section 83.60]. As now framed, the landlord may recover his rent should the tenants' suit have no legal basis. On the other hand, should the tenants' suit have merit, the rent is not lost to them. To follow the course suggested by the tenants would enable a devious tenant to live rent free during the litigation, if he could frame a legally sufficient pleading. We see no more reason to expect a landlord to continue furnishing housing without rent than to expect an oil supplier to continue furnishing oil without payment during a period of litigation.
Id. at 1035.
We find the same analysis applicable to the instant dispute.[2] In accordance with section 83.60, the landlord in this case was entitled to payment of rent either directly or into the court registry, and on the tenants' failure to do so, the landlord was entitled to a default and a writ of possession. This determination comes with the same caveat observed in K.D., 445 So.2d at 1035, that the tenants' cause of action is not lost to them, rather they lose only their right to retain possession of the premises by their failure to pay the rent to the landlord or into the registry of the court.
Reversed and remanded.
NOTES
[1] In that action, Davila and Bogoeff claimed that they initially owned the Staples and Donald Avenue properties and that when their properties went into foreclosure, they had been contacted by King or one of the other defendants named in that action, who informed them that they could save their homes by entering into a "buy back" arrangement, in which they would sell their homes to an "investor" (here King), lease their homes for twelve months from the investor, and if they timely made all lease payments, would qualify to refinance a buy back through another named defendant, First Hanover Mortgage. Davila and Bogoeff also claimed that they were promised that the lease payments would be less than the mortgage payments that they had been unable to meet. However, upon entering into these lease arrangements, Davila and Bogoeff discovered that the lease payments were actually far more than their prior mortgage payments had been, and when they were unable to meet these payments, King, through his agents, First Hanover Mortgage, and Property Management Co., had initiated eviction proceedings.
[2] We, like the K.D. court, conclude that our earlier decision in Freedman v. Geiger, 314 So.2d 189 (Fla. 3d DCA 1975), poses no conflict with this analysis. In Freedman, we concluded that granting a default in a landlord's favor was error in an action not solely for relief under section 83.60. But as the K.D. court observed, the tenants in Freedman were in substantial compliance with section 83.60 because they had not only made court-ordered rent payments but also had deposited additional sums into the registry prior to the hearing on the landlord's motion for default. K.D. therefore limited Freedman to its facts and correctly concluded that Freedman was "simply following the established policy of liberality in setting aside defaults to permit a trial on the merits." K.D., 445 So.2d at 1036.

No similar circumstances exist here.