# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-190 & 3D21-1115
Lower Tribunal No. 20-1895CC

_____

**1560-1568 Drexel Avenue, LLC,**
Appellant,

vs.

**Johann C. Dalton, etc.,**
Appellee.

Appeals from a non-final order from the County Court for Miami-Dade County, Stephanie Silver, Judge.

Law Office of Attorney Ovide Val, and Ovide Val; BLU Ocean Law Group, P.A., and Nashid Sabir, for appellant.

Ratzan Weissman & Boldt, and Ryan C. Tyler (Boca Raton); Legal Services of Greater Miami, and Sean Rowley, for appellee.

Before FERNANDEZ, SCALES and HENDON, JJ.

PER CURIAM.

In this residential eviction case, 1560-1568 Drexel Avenue, LLC ("Landlord"), the plaintiff below, seeks review of a January 13, 2021 nonfinal order denying Landlord's December 16, 2020 Motion for Default Judgment of Possession.[1] Because the tenant's defenses to the instant eviction action are not based on payment of rent, we reverse the challenged order and remand for the trial court to conduct an emergency hearing requiring compliance with section 83.60(2) of the Florida Statutes.[2]

---

[1] While Landlord filed an emergency petition for writ of mandamus in this Court, we treat the instant matter as an appeal of a nonfinal order determining the right to immediate possession of property under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). See First Hanover v. Vazquez, 848 So. 2d 1188, 1189 (Fla. 3d DCA 2003).

[2] This statute reads, in relevant part, as follows:

> In an action by the landlord for possession of a dwelling unit*, if the tenant interposes any defense other than payment . . . the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due. . . . Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry* within 5 days, excluding Saturdays, Sundays, and legal holidays, after the date of service of process *constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon.* If a motion to determine rent is filed, documentation in support of the allegation that the rent as alleged in the complaint is in error is required.

§ 83.60(2), Fla. Stat. (2020) (emphasis added).

## I.    Facts and Procedural History

On July 21, 2020, Landlord filed a three-count eviction action against appellee Johann Dalton ("Tenant") in the county court. Landlord's complaint alleges that the parties' tenancy was initially governed by a written lease, requiring Tenant to pay $1,500 monthly rent. Landlord further alleges that the term of the written lease ended on December 6, 2019, and the tenancy then converted into a month-to-month tenancy. See § 83.04, Fla. Stat. (2020).[3]

Landlord alleges that Tenant stopped paying rent in May 2020. Count I of the complaint, later dismissed, sought to evict Tenant for non-payment of rent. Count II seeks damages for Tenant's alleged failure to pay rent and for Tenant's causing damage to Landlord's property on the premises. Count III seeks to remove Tenant from the property for Tenant's alleged failure to vacate the premises after Landlord terminated the month-to-month tenancy.

---

[3] This statute provides, in relevant part:

> When any tenancy created by an instrument in writing, the term of which is limited, has expired and the tenant holds over in the possession of said premises without renewing the lease by some further instrument in writing then such holding over shall be construed to be a tenancy at sufferance. . . .

§ 83.04, Fla. Stat. (2020).

Specifically, in Count III Landlord alleges that: (i) pursuant to section 83.57(3) of the Florida Statutes,[4] on May 26, 2020, Landlord served Tenant with a fifteen-day notice terminating Tenant's month-to-month tenancy; (ii) notwithstanding the notice of termination, Tenant failed to vacate the property on or before July 6, 2020 and continues to remain on the premises; and (iii) therefore, Landlord is entitled to have Tenant removed from the property.

After being served with the complaint, Tenant, through counsel, filed an omnibus submission containing an answer and affirmative defenses, a motion to dismiss the complaint, a counterclaim, and, pursuant to section 83.60(2), a motion to determine rent. In his counterclaim and affirmative defenses, Tenant alleges that Landlord has violated various provisions of

---

[4] The statute provides, in relevant part:

> A tenancy without a specific duration, as defined in s. 83.46(2) or (3), may be terminated by either party giving written notice in the manner provided in s. 83.56(4), as follows:
>
>     . . . .
>
> (3) When the tenancy is from month to month, by giving not less than 15 days' notice prior to the end of any monthly period[.]

§ 83.57, Fla. Stat. (2020).

chapter 83 and also that, pursuant to Executive Order 20-180,[5] statutes authorizing eviction of tenants affected by the COVID-19 pandemic had then been suspended. Tenant does not assert, however, as an affirmative defense or otherwise, that he has paid the rent alleged to be due.

In his motion to determine rent, Tenant asserted that, pursuant to the Executive Order, the rent-posting requirement of section 83.60(2) should not be imposed upon him in this proceeding because he has been adversely

---

[5] Governor Ron DeSantis issued the Executive Order on July 29, 2020. Section 2 of the Executive Order provides, in relevant part:

> A. I hereby suspend and toll any statute providing for final action at the conclusion of an eviction proceeding under Florida law *solely when the proceeding arises from non-payment of rent* by a residential tenant adversely affected by the COVID-19 emergency.
>
> B. For purposes of this section, adversely affected by the COVID-19 emergency means loss of employment, diminished wages or business income, or other monetary loss realized during the Florida State of Emergency directly impacting the ability of a residential tenant to make rent payments.
>
> C. *Nothing in this Executive Order shall be construed to suspend or otherwise affect eviction proceedings unrelated to non-payment of rent.*

(Emphasis added).

affected by COVID-19. That is, Tenant claimed that he was not subject to section 83.60(2)'s mandate that, to avoid an immediate default judgment for removal and the entry of a writ of possession, he pay into the registry of the court the accrued rent, either (i) as alleged in the complaint, or (ii) as determined by the court, in addition to all rent accruing during the pendency of the proceeding.

The trial court conducted a two-hour evidentiary hearing on Tenant's motion to determine rent, and thereafter entered an August 22, 2020 non-final order concluding that, because Tenant was adversely affected by COVID-19, Tenant was not required to comply with the rent-posting requirements of section 83.60(2). At this hearing, the trial court also heard Tenant's motion to dismiss, and, in the same August 22, 2020 order, dismissed Count I of Landlord's complaint (seeking to evict Tenant for failure to pay rent) finding that Landlord's three-day notice was defective.

The Executive Order expired at 12:01 a.m., on October 1, 2020. Subsequently, Landlord filed an October 22, 2020 motion ("October 22 motion") seeking an order requiring Tenant to pay rent into the court registry during the pendency of the proceedings as required by section 83.60(2). On November 30, 2020, the trial court conducted a hearing on Landlord's October 22 motion. At that hearing, the trial court also heard several motions

6

previously filed by Tenant, including another motion by Tenant to dismiss Landlord's complaint,[6] and Tenant's October 5, 2020 motion to invoke a Centers for Disease Control ("CDC") moratorium.[7] At the hearing, the trial court determined that the CDC moratorium was inapplicable in this case, but the trial court did not adjudicate either Tenant's motion to dismiss or Landlord's October 22 motion.

With its October 22 motion still pending, Landlord filed its December 16, 2020 Motion for Default Judgment of Possession ("December 16 motion") asserting that, because Tenant had not posted any rents into the registry of the court as required by section 83.60(2), Landlord was entitled to an immediate default judgment for removal and a writ of possession. On January 8, 2021, the trial court conducted a hearing on Landlord's December 16 motion, and issued the challenged January 13, 2021 order. In this order,

---

[6] Tenant's October 20, 2020 motion to dismiss asserts that Landlord's complaint should be dismissed as a sanction for other conduct undertaken by Landlord. We express no opinion on any of the grounds asserted by Tenant for dismissal of Landlord's complaint.

[7] On September 4, 2020, the CDC issued an order imposing a nationwide temporary federal moratorium on residential evictions for nonpayment of rent. See Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 FR 55292-01, 2020 WL 5253768 (Sept. 4, 2020). The moratorium neither relieves tenants of the obligation to pay rent, nor prevents eviction of tenants for reasons other than for nonpayment of rent. Id.

the trial court denied landlord's December 16 motion "without prejudice," concluding that, because Tenant's motion to dismiss Landlord's eviction complaint is still pending, it would constitute a deprivation of due process for the trial court to enter a default judgment for removal against Tenant, notwithstanding the mandates of section 83.60(2). The trial court's January 13, 2021 order does not mention, much less adjudicate, Landlord's October 22 motion.

Landlord then filed in this Court an emergency mandamus petition seeking a writ compelling the trial court to enter an immediate default judgment for removal of Tenant. We treat Landlord's petition as an appeal of a non-final order determining entitlement to immediate possession of property, over which we have appellate jurisdiction. <u>See</u> footnote 1, <u>supra</u>. For the following reasons, we reverse the trial court's January 13, 2021 order and remand for the trial court to conduct an emergency hearing on, and to adjudicate, Landlord's October 22 motion.

## II. Analysis

At the outset, we note that the trial court faced a difficult task in this case considering the complement of evolving state and federally imposed moratoria on evictions occasioned by the COVID-19 pandemic. We

8

conclude, though, that once the Executive Order expired,[8] and after the trial court determined that the CDC moratorium was inapplicable, in order to avoid absolute waiver of his defenses and an entry of an immediate default judgment for removal, Tenant was required to pay rent as required by section 83.60(2). Section 83.60(2) is not discretionary; it compels a tenant defending against an eviction to pay into the court registry either (i) the amount of rent alleged to be due, or (ii) the amount of rent determined by the court, plus all rent that accrues during the case's pendency. See Stanley v. Quest Int'l Inv., Inc., 50 So 3d 672, 673 (Fla. 4th DCA 2010); First Hanover v. Vazquez, 848 So. 2d 1188, 1190 (Fla. 3d DCA 2003). The only exception to this express statutory requirement is if the tenant interposes a defense of payment – which Tenant did not do in this case.

Hence, in order to give effect to the statute, when a tenant facing eviction raises any defenses to an eviction (other than payment of rent), and files a motion seeking a determination of rent due, the trial court is required to make that rent determination as quickly as possible; any delay in making

---

[8] While we need not reach the issue, we do note that, pursuant to the express language of the Executive Order's section 2(C), once the trial court dismissed Count I of Landlord's complaint, arguably the Executive Order may not have applied to this case. After dismissal of Count I, the only remaining eviction count, Count III, sought eviction based on Landlord's termination of the month-to-month tenancy, an eviction claim unrelated to non-payment of rent.

that rent determination thwarts the statute's purpose of requiring a tenant to continue to pay rent while defending against an eviction action. Stanley, 50 So. 3d at 674 (noting that the Florida Legislature's use of the terms "*absolute* waiver" and "*immediate* judgment" demonstrated that the "Legislature was comprehensive in its intentions as to the effect of the statute" (quoting Quest Int'l Inv. v. Stanley, 16 Fla. L. Weekly Supp. 586b (Fla. Broward Cnty. Ct. Apr. 14, 2009))); First Hanover, 848 So. 2d at 1190 ("Under this provision, tenants in actions for possession for non-payment of rent are obligated to pay rent as a condition to remaining in possession irrespective of their defenses and counterclaims.").

To ensure compliance with the statute, it was incumbent upon the trial court to adjudicate Landlord's October 22 motion as soon as practicable. The trial court should have determined the amount of rent due, and, consistent with section 83.60(2), entered an order forthwith, requiring Tenant to pay all

accrued past-due rent[9] as well as ongoing rent.[10] For these reasons, we reverse the trial court's January 13, 2021 order and remand for the trial court to conduct, on an expedited basis, a hearing on Landlord's October 22 motion and enter an order consistent with the instructions below.

## III.    CONCLUSION

Because Tenant did not interpose a defense of payment, once the Executive Order expired, and there being no basis for applying the CDC order, Tenant was obligated to deposit both accrued and accruing rent in the court registry. We, therefore, reverse the trial court's January 13, 2021 order

---

[9] We note that, pursuant to its express language, the Executive Order merely temporarily suspended "final action at the conclusion of an eviction proceeding" – i.e., issuance of a writ of possession – and did not indefinitely suspend rent obligations. Indeed, section 3 of the Executive Order reads, in its entirety, as follows: "Nothing in this Order shall be construed as relieving an individual from his or her obligation to make mortgage payments or rent payments. *All payments, including tolled payments, are due when an individual is no longer adversely affected by the COVID-19 emergency.*" (Emphasis added).

[10] It does not appear that Tenant disputes the rent amount alleged in Landlord's complaint. Nevertheless, because the statute contemplates that the trial court – rather than this Court – make such determination, our remand instructions require the trial court to make the determination in the first instance. Importantly, though, the trial court's inquiry in this regard is limited to whether Landlord has accurately alleged the amount of rent, and does not include whether, based on the merits of any defense or counterclaim to Landlord's eviction action, the statutory requirement can be delayed or waived.

11

and remand for the trial court to, within five days of the date of this opinion, adjudicate Landlord's October 22 motion consistent with the dictates of this opinion.[11] Tenant shall then have five days (excluding Saturdays, Sundays, and legal holidays) to pay into the court registry all accrued past-due rent as well as ongoing rent, failing which, as provided by section 83.60(2), Landlord will be entitled to an immediate default judgment for removal of Tenant with a writ of possession to issue without further notice or hearing.

This opinion shall take effect immediately, notwithstanding the filing or disposition of any motion for rehearing.

Reversed, and remanded with instructions.

---

[11] On May 13, 2021, Landlord filed in this Court another petition for writ of mandamus – appellate case number 3D21-1115 – arguing that the trial court should be compelled to enter an immediate default judgment for removal. We consolidated that petition with this case for the purposes of traveling together and being heard by the same panel. Given our ruling in this case (3D21-190), we now dismiss that petition (3D21-1115) as moot.

12