# Third District Court of Appeal

## State of Florida

Opinion filed July 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-265
Lower Tribunal Nos. 20-240 AP, 20-17880 CC
_____

**Sze Lee,**
Appellant,

vs.

**1510 N.E. 109 St., LLC,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Ayana Harris, Judge.

Sze Lee, in proper person.

No appearance, for appellee.

Before HENDON, LOBREE, and BOKOR, JJ.

HENDON, J.

Sze Lee appeals from a final judgment for eviction and removal of tenant. We affirm.

On September 12, 2020, 1510 N.E. 109 ST, LLC ("Landlord") gave Sze Lee ("Lee") the required 15-day notice that her month-to-month tenancy would end on September 30, 2020 and requested that she vacate the premises. The Landlord stated that the dwelling was not a "covered property" under section 4024 of the Cares Act in residential evictions for non-payment of rent and was therefore exempt.[1] Lee unsuccessfully tried to negotiate her

---

[1] See also 1560-1568 Drexel Ave., LLC v. Dalton, No. 3D21-1115, 2021 WL 2149752 (Fla. 3d DCA May 27, 2021) at footnote 5: Governor Ron DeSantis issued the Executive Order on July 29, 2020. Section 2 of the Executive Order provides, in relevant part:

A. I hereby suspend and toll any statute providing for final action at the conclusion of an eviction proceeding under Florida law **solely when the proceeding arises from non-payment of rent** by a residential tenant adversely affected by the COVID-19 emergency.

B. For purposes of this section, adversely affected by the COVID-19 emergency means loss of employment, diminished wages or business income, or other monetary loss realized during the Florida State of Emergency directly impacting the ability of a residential tenant to make rent payments.

C. Nothing in this Executive Order shall be construed to suspend or otherwise affect eviction proceedings unrelated to nonpayment of rent.

(Emphasis added).

rental terms with the Landlord, citing COVID concerns and her risk of becoming homeless.

On October 6, 2020, the Landlord filed a complaint for eviction, and Lee answered the complaint. Lee asserted as an affirmative defense that the Landlord breached the federal temporary halt in residential evictions as a result of the quarantine, and the Landlord disregarded the Centers for Disease Control and Prevention ("CDC") order. She further argued that the eviction would endanger her health by exposing her to COVID.

On October 8, 2020, Lee was served with the 5-day residential eviction summons and complaint. That summons indicated that Lee "MUST" respond according to the instructions provided in the summons. Lee did not. The Landlord moved to strike Lee's answer and enter a default, asserting that Lee had not paid any rent into the court registry or filed a motion to determine the amount to be paid into the court registry. Lee filed a motion for summary judgment, again raising? the allegation that the Landlord was in violation of the CDC moratorium on evictions. Lee additionally argued that the Landlord's motion for default for non-payment of rent failed because the Landlord did not request rent in its complaint for eviction.

The court struck Lee's pleading and entered a default, as it appeared "to the Court that the monies requested in the Complaint have not been paid

3

into the Registry of the Court and that no motion has been filed" by Lee requesting a determination of the amount of rent to be paid into the court registry. The court issued a final judgment of eviction and removal of tenant, from which judgment Lee appeals.[2] Lee asserts on appeal that, as the complaint for eviction did not request any rent to be paid into the court registry or claim an amount of rent due, she was not required to file a motion to determine an amount not demanded in the complaint. We disagree.

Discussion

A tenant's statutory obligation to place rent into the court registry arises within the context of "an action by the landlord for possession of a dwelling unit" where the "tenant interposes any defense other than payment." § 83.60(2), Fla. Stat. (2021). That statute requires payment of rent into the registry of the court in residential landlord tenant disputes and states, in relevant part,

> (2) In an action by the landlord for possession of a dwelling unit, if the tenant interposes <u>any defense other than payment</u>, including, but not limited to, the defense of a defective 3-day notice, <u>the tenant shall pay into the registry of the court the accrued rent</u> as alleged in the complaint <u>or as determined by the court</u> and the rent that accrues during the pendency of the proceeding, when due. The clerk shall notify the tenant of such requirement in the summons. <u>Failure of the tenant</u> to pay the rent into the registry of the court **or** <u>to file a motion to determine the</u>

---

[2] The Appellee Landlord has been precluded from OA for failure to file an Answer Brief.

4

> amount of rent to be paid into the registry within 5 days, excluding Saturdays, Sundays, and legal holidays, after the date of service of process constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon. If a motion to determine rent is filed, documentation in support of the allegation that the rent as alleged in the complaint is in error is required. . . .

(Emphasis added). As stated in 1560-1568 Drexel Ave., LLC v. Dalton, No. 3D21-1115, 2021 WL 2149752, at *3 (Fla. 3d DCA May 27, 2021):

> Section 83.60(2) is not discretionary; it compels a tenant defending against an eviction to pay into the court registry either (i) the amount of rent alleged to be due, or (ii) the amount of rent determined by the court, plus all rent that accrues during the case's pendency. [citations omitted]. The only exception to this express statutory requirement is if the tenant interposes a defense of payment – which Tenant did not do in this case.

Lee was served with a complaint for eviction that did not specify an amount of rent to be paid, and her defenses were unrelated to non-payment of rent. She was thus obligated to pay the rent into the court registry or file a motion to ask the court to determine the amount of rent to be paid into the court registry. See id.; First Hanover v. Vazquez, 848 So. 2d 1188, 1191 (Fla. 1st DCA 2003) (holding, in accord with section 83.60, the landlord was entitled to payment of rent either directly or into the court registry, and on the tenants' failure to do so, the landlord was entitled to a default and a writ of possession).

5

She was also served with the summons that very clearly set forth everything she needed to do to contest her eviction. The summons states, in pertinent part:

> You are entitled to a trial to determine whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within five (5) days (not including Saturday, Sunday, or any legal holiday) after the date these papers were given to you or to a person who lives with you or were posted at your home.

If Lee was unsure whether she had to pay rent, or was unsure of the amount, Lee was required to file a motion to determine the amount of rent due or to contest in writing whether rent was due at all. The summons concluded with the final warning that:

> 4. IF YOU DO NOT DO ALL OF THE THINGS SPECIFIED ABOVE WITHIN FIVE (5) WORKING DAYS AFTER THE DATE THAT THESE PAPERS WERE GIVEN TP [sic] YOU OR A PERSON WHO LIVES WITH YOU OR WERE POSTED AT YOUR HOME, YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE.

Lee cannot claim that because the notice of eviction did not specify rent due, the default final judgment should be vacated when Lee failed to take any of the required and clearly stated steps necessary to protect her interests. Lee has not argued any valid legal basis for reversal. Because Lee failed to follow the court's mandatory instructions provided to her in the eviction summons,

6

the trial court's order entering a default final judgment of eviction was not in error.

Affirmed.