# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2026.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D25-0177
Lower Tribunal No. 24-248493-CC-24

————————

**Angel Guillermo Zambrano,**
Appellant,

vs.

**Alberto Quintana, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Stephanie Silver, Judge.

Angel Guillermo Zambrano, in proper person.

Arturo R. Alfonso, P.A., and Arturo R. Alfonso, for appellees.

Before LOGUE, LOBREE and BOKOR, JJ.

LOBREE, J.

In this residential eviction case, Angel Guillermo Zambrano (the "tenant"), appeals from orders of the trial court striking his pleadings and entering a default final judgment of possession in favor of Alberto Quintana (the landlord"), without adjudicating the tenant's affirmative defenses and counterclaims. The tenant contends that he lawfully withheld rent based on the landlord's non-compliance with statutory duties and terms of the parties' contract, and that the trial court erred by granting possession to the landlord based on his retaliatory conduct. The tenant further contests orders striking his pleadings and counterclaims as moot and striking his jury trial demands. We affirm in part as to the orders striking the tenant's affirmative defenses and rendering a default final judgment of possession in favor of the landlord and reverse in part as to the orders striking the tenant's counterclaims and demands for jury trial for the reasons below.

## BACKGROUND

The parties entered into a residential lease agreement for an apartment unit within a condominium building. The tenant sent notices to the landlord seeking repairs of the building elevator and unit air conditioning. Repairs were performed, but the parties dispute their extent and timing. Afterward, a thirty-day notice to vacate the premises was posted at the property and mailed to the tenant, reflecting the landlord's intent to terminate

2

the parties' month-to-month lease upon listing the property for sale.

Then the landlord filed a complaint seeking only to terminate the lease and evict the tenant from the premises. The tenant answered, raised twelve affirmative defenses and eleven counterclaims, and sought a hearing on his motion to determine rent. The trial court heard the motion to determine rent and ordered that the tenant deposit $7,200 into the registry of the court. After the tenant's failure to comply with the registry payment, the landlord moved to strike the tenant's pleadings and for entry of a default final judgment of possession. The trial court granted the motion, struck the tenant's pleadings and entered a default final judgment of possession, concluding that the tenant's counterclaim was moot.

The tenant responded by requesting a trial by jury, which the landlord moved to strike. The next day, the court struck the tenant's request for a jury trial, concluding that the tenant did not demand a jury trial in his answer and counterclaim. The tenant renewed his demand for a jury trial on all claims and counterclaims, which was again stricken by the trial court based on the tenant's failure to comply with the court's rent order. Even so, the trial court further ordered the landlord to file a responsive pleading to the counterclaim. This appeal follows.

**ANALYSIS**

The tenant first contends that he lawfully withheld rent based on the landlord's non-compliance with his statutory duties and the terms of the parties' lease, and that the trial court erred by granting possession to the landlord based on his retaliatory conduct. The landlord's answer argues that the tenant's failure to pay rent into the court registry constitutes an absolute waiver of the tenant's defenses, citing to section 83.232(5), Florida Statutes (2025). While this statute does not apply to residential tenancies, we nonetheless reject the tenant's contentions, as section 83.60(2), Florida Statutes (2025), similarly provides that in an action by a landlord for possession of a dwelling unit, if a tenant interposes any defense other than payment, the tenant must pay into the court registry the accrued rent as alleged in the complaint, and any rent accruing during the pendency of the proceeding, when due. Failure to pay rent into the registry, after the trial court enters an order on a motion to determine the amount of rent, constitutes an absolute waiver of a tenant's defenses other than payment, and a landlord is entitled to an immediate default judgment for removal with a writ of possession. Id. Section 83.60(2) is not discretionary, and compels payment of rent into the court registry even if a tenant has counterclaims pending. See Kaufman v. High Seas, LLC, 383 So. 3d 509, 511 (Fla. 4th

4

DCA 2024) (citing First Hanover v. Vazquez, 848 So. 2d 1188, 1190 (Fla. 3d DCA 2003)). Thus, we affirm the default final judgment of possession in favor of the landlord and orders striking the tenant's affirmative defenses based on the tenant's failure to pay rent into the registry of the trial court as ordered after a hearing on the tenant's motion to determine rent.

The tenant further contests orders striking his pleadings and counterclaims as moot[1] and striking his jury trial demands. The landlord's answer offers no authority for its argument that the striking of the tenant's counterclaims as moot was proper. In Vazquez, our court adopted the analysis of the Fifth District in K.D. Lewis Enterprises Corp. v. Smith, 445 So. 2d 1032 (Fla. 5th DCA 1984), holding that the deposit requirement imposed by section 83.60 applied only to actions for possession, not to actions involving counterclaims for injunctive relief and damages. 848 So. 2d at 1190–91. Thus, the striking of the counterclaims as moot based solely on failure to comply with section 83.60(2) was error. Accordingly, we reverse with directions to reinstate the tenant's counterclaims and direct the landlord to file a responsive pleading to them. As a demand for a jury trial must be

---

[1] We note that the trial court's orders on this issue are contradictory. The trial court initially struck the tenant's pleadings and adjudged that the counterclaim (singular) was moot. Later, in its order striking the tenant's jury trial request, the trial court included an order that the landlord shall file a responsive pleading to the counterclaim. No such pleading has been filed.

served in writing no later than ten days after service of the last pleading directed to the issue, see Florida Rule of Civil Procedure 1.430(b), and no responsive pleading has been filed to date, we likewise reverse the orders striking the jury trial demand as procedurally improper.  See Johnson v. Kannwischer, 477 So. 2d 1011, 1012 (Fla. 1st DCA 1985).[2]

Affirmed in part; reversed in part; and remanded for further proceedings consistent herewith.

---

[2] As in Johnson, we do not address which of the numerous potential issues here should be tried by a jury, which is a matter for the trial court and not properly before us on appeal.