MAY, J.
 

 This landlord-tenant dispute comes to us on the following certified question from the County Court for Broward County.
 

 WHETHER A TENANT CLAIMING A DEFECTIVE OR NON-EXISTENT THREE-DAY NOTICE IN A RESIDENTIAL EVICTION IS REQUIRED TO TENDER UNDISPUTED RENT INTO THE COURT REGISTRY AS SET FORTH IN FLORIDA STATUTE § 83.60(2) IN ORDER TO DEFEND THE ACTION BASED ON THE DEFECTIVE OR NON-EXISTENT THREE-DAY NOTICE.
 

 We answer the question in the affirmative and affirm the decision of the County Court.
 

 The landlord filed a removal action against the tenant using a Florida Bar fill-in-the-blank form for the complaint and for the attached notice of “demand for payment or possession.”
 
 [1]
 
 The tenant filed a timely motion to dismiss, or in the alternative, motion to determine rent, but did not
 
 *673
 
 deposit the undisputed rent into the court registry as required by section 83.60(2), Florida Statutes (2009).
 

 The County Court Judge entered a detailed “ORDER OF DEFAULT, ORDER DENYING TENANT’S MOTION TO DISMISS COMPLAINT, AND CERTIFICATION TO THIS COURT AS A QUESTION OF GREAT PUBLIC IMPORTANCE.” The court held “if the [tenant] desired to defend the action based on a defective three-day notice, then he was required, at a minimum, to have tendered the undisputed rent into the court registry.” The court certified a question of great public importance due to conflicting decisions within the circuit. The court contemporaneously entered a default judgment for eviction. From the order and judgment, the tenant appealed directly to this court.
 

 We have
 
 de novo
 
 review of questions involving statutory interpretation.
 
 E.A.R. v. State,
 
 4 So.3d 614, 629 (Fla.2009). “The intent of the Legislature is the polestar of statutory construction. To discern this intent, the Court looks ‘primarily' to the plain text of the relevant statute, and when the text is unambiguous, our inquiry is at an end.”
 
 Id.
 
 (internal citations omitted).
 

 The tenant argues that a proper three-day notice is a statutory condition precedent to filing an action for removal of a tenant and a defective notice deprives the trial court of jurisdiction to remove the tenant. The landlord responds that the deposit of rent into the court registry is a prerequisite to any defense other than payment. We find the statute’s plain language answers the question. We agree with the landlord and affirm the decision of the county court.
 

 Section 83.60(2), Florida Statutes (2009), defines the tenant’s responsibilities in a suit with the landlord.
 

 In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent.... The clerk shall notify the tenant of such requirement in the summons. Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid ... constitutes an absolute waiver of the tenant’s defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant ... to issue without further notice or hearing thereon.
 

 § 83.60(2), Fla. Stat. (2009) (emphasis added). The statute plainly requires the payment of rent if the tenant chooses to assert any defense other than payment, and failure to make the necessary deposit constitutes an absolute waiver allowing for immediate default judgment in favor of the landlord.
 

 We have previously held the notice requirement unnecessary to establish subject matter jurisdiction.
 
 Bell v. Kornblatt,
 
 705 So.2d 113, 114 (Fla. 4th DCA 1998). Nevertheless, the tenant suggests that giving the statute its plain meaning offends public policy because the landlord can obtain a default judgment regardless of whether proper notice is given. Despite any emotional appeal of the tenant’s policy argument, it is not our place to disregard plain statutory text. Policy decisions belong to the legislature.
 
 Barr v. State,
 
 507 So.2d 175, 176 (Fla. 3d DCA 1987).
 

 As Judge Lee wrote:
 

 
 *674
 
 The Legislature has provided that failure to post unpaid rent is not merely a waiver; it is an
 
 absolute
 
 waiver. The landlord is not merely entitled to a judgment; the landlord is entitled to an
 
 immediate
 
 judgment. The use of such strong language indicates to this Court that the Legislature was comprehensive in its intentions as to the effect of the statute.
 

 Quest Int'l Inv., Inc. v. Stanley,
 
 16 Fla. L. Weekly Supp. 586b (Fla. Broward Cty. Ct. Apr. 14, 2009) (alterations in original). The tenant is required to deposit the disputed rent into the court registry to assert any defense other than payment. The plain language of the statute requires it. The court correctly entered the default judgment.
 

 We answer the certified question in the affirmative and affirm the order and default judgment.
 

 Affirmed.
 

 DAMOORGIAN and GERBER, JJ., concur.
 

 [1]
 

 . The notice and complaint failed to contain a signature on the notice, alleged conflicting
 
 *673
 
 dates of service on the notice, failed to specify the time and specified method of delivery, contained an improper date for payment on the notice, and failed to identify the attorney’s signature on the complaint.