# Third District Court of Appeal
## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-469
Lower Tribunal No. 22-7280 CC
_____

**Bridge Golde,**
Appellant,

vs.

**Juan Santana,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Gordon Murray, Judge.

Bridge Golde, in proper person.

No appearance for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See § 83.60(2), Fla. Stat. (2022) ("In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, **including, but not limited to, the defense of a defective 3-day notice**, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due") (Emphasis added); 1560-1568 Drexel Ave., LLC v. Dalton, 320 So. 3d 965, 969 (Fla. 3d DCA 2021) ("Section 83.60(2) is not discretionary; it compels a tenant defending against an eviction to pay into the court registry either (i) the amount of rent alleged to be due, or (ii) the amount of rent determined by the court, plus all rent that accrues during the case's pendency") (citing First Hanover v. Vazquez, 848 So. 2d 1188, 1190 (Fla. 3d DCA 2003) and Stanley v. Quest Int'l Inv., Inc., 50 So. 3d 672, 673 (Fla. 4th DCA 2010)). See also 214 Main St. Corp. v. Tanksley, 947 So. 2d 490, 492 (Fla. 2d DCA 2006) ("The statute does not allow for a procedure whereby a trial court may excuse the tenant's noncompliance with its prior order. Therefore, we conclude that the trial court erred in setting aside the default and writ of possession based upon the finding that the late November payment was the result of excusable neglect") (citing § 83.232(5), Fla. Stat. (2005)) ("Failure of the tenant to pay the rent into the court registry pursuant to court order

2

shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.")