DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IAN KAUFMAN,**
Appellant,

v.

**HIGH SEAS, LLC,**
Appellee.

No. 4D2022-3023

[March 27, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kim Theresa Mollica, Judge; L.T. Case No. 22-007092 CONO.

Ian H. Kaufman, Wilton Manors, pro se.

No brief filed on behalf of appellee.

CIKLIN, J.

This appeal arises out of a landlord's suit seeking possession of a residential apartment based on nonpayment of rent. We agree with the tenant that the trial court erred in entering a default judgment without first ruling on his timely-filed motion to determine rent. Consequently, we reverse and remand for further proceedings.

The parties to this appeal, Ian Kaufman ("tenant") and High Seas, LLC ("landlord"), executed a residential lease. About three weeks before the lease was to expire, the landlord sued the tenant, seeking a judgment for possession based on the tenant's failure to pay rent. The tenant filed an answer and raised affirmative defenses. He disputed the landlord's contention that it had served the required three-day notice, and he alleged that he had served the landlord with a seven-day notice of noncompliance and a demand to cure, but that the landlord did not repair a defective air conditioner. Although he denied that he did not pay rent, he also alleged he paid reduced rent to make up for expenses which he had incurred in attempting to cool the apartment. The tenant also brought a counterclaim alleging, among other claims, breach of the lease agreement.

Subsequently, on October 31, 2022, the tenant timely moved to determine rent.

On November 2, the landlord moved for a default final judgment of eviction, citing section 83.60(2), Florida Statutes (2022), and asserting that the tenant had filed a responsive pleading but "failed to plead any legal defenses to the failure to timely pay rent." Also that day, the tenant moved to strike the landlord's motion for default judgment, pointing out that the tenant had raised affirmative defenses and had moved for a rent determination.

Later that day, the trial court entered a final judgment of eviction, finding that the tenant had "failed to assert any legal defense." The trial court did not address the tenant's pending motion to determine rent. Instead, the trial court awarded the landlord possession of the property, directed the clerk to immediately issue a writ of possession, and ordered the sheriff to execute the writ. The trial court also filed "Judge's Review Notes Re: Defendant's Answer," wherein it again did not address the tenant's motion to determine rent and instead found, "This is an action for a holdover tenant. Tenant did not deposit money into the depository as required. Defendant did not provide a valid legal defense to the action in their response." (Emphasis omitted).

On appeal, the tenant argues that the trial court erred in entering a default judgment without holding an evidentiary hearing on his motion to determine rent. We agree.

The landlord brought a suit for possession, pursuant to section 83.59, Florida Statutes (2022). Section 83.60 provides that a defendant in a suit for possession for nonpayment of rent "may defend upon the ground of a material noncompliance with s. 83.51(1), or may raise any other defense, whether legal or equitable . . . including the defense of retaliatory conduct in accordance with 83.64." § 83.60(1)(a), Fla. Stat. (2022). However:

> [I]f the tenant interposes any defense other than payment, including, but not limited to, the defense of a defective 3-day notice, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due. . . . Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry within 5 days, excluding Saturdays, Sundays, and legal holidays, after the date of service of process constitutes an

2

> absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon. If a motion to determine rent is filed, documentation in support of the allegation that the rent as alleged in the complaint is in error is required . . . .

§ 83.60(2), Fla. Stat. (2022).

"Section 83.60(2) is not discretionary; it compels a tenant defending against an eviction to pay into the court registry either (i) the amount of rent alleged to be due, or (ii) the amount of rent determined by the court, plus all rent that accrues during the case's pendency." *1560-1568 Drexel Ave., LLC v. Dalton*, 320 So. 3d 965, 969 (Fla. 3d DCA 2021). This is so even if the tenant has counterclaims pending. *First Hanover v. Vazquez*, 848 So. 2d 1188, 1190 (Fla. 3d DCA 2003). The only exception is if the tenant raises the defense of payment of rent. *Dalton*, 320 So. 3d at 969; *see also Stanley v. Quest Int'l. Inv., Inc.*, 50 So. 3d 672, 674 (Fla. 4th DCA 2010) ("The tenant is required to deposit the disputed rent into the court registry to assert any defense other than payment.").

> [T]o give effect to [section 83.60(2)], when a tenant facing eviction raises any defenses to an eviction (other than payment of rent), and files a motion seeking a determination of rent due, the trial court is required to make that rent determination as quickly as possible; any delay in making that rent determination thwarts the statute's purpose of requiring a tenant to continue to pay rent while defending against an eviction action.

*Dalton*, 320 So. 3d at 969; *see also Stanley*, 50 So. 3d at 674 (Fla. 4th DCA 2010) (agreeing with lower court's observation that the statute's provision of an "absolute" waiver entitling the landlord to an "immediate" judgment "indicates . . . the Legislature was comprehensive in its intentions as to the effect of the statute" (quoting *Quest Int'l Inv., Inc. v. Stanley*, 16 Fla. L. Weekly Supp. 586b (Fla. Broward Cty. Ct. Apr. 14, 2009))).

> A trial court typically disposes of a motion to determine rent in one of two ways: (1) the court sets an expedited evidentiary hearing and issues an order setting the rent to be deposited; or (2) the court strikes the motion as procedurally barred (usually based on the motion of the landlord pointing out statutory or procedural infirmities).

3

*Axen v. Poah Cutler Manor, LLC*, 323 So. 3d 800, 801 n.1 (Fla. 3d DCA 2021).[1]

Here, although the tenant denied the landlord's allegation in its complaint for possession that he had failed to pay rent, his affirmative defenses indicate he had paid less than the rent amount required by the lease. His defenses were not based on payment of the rent provided for in the lease. Consequently, he was required to timely deposit the rent in the court registry or timely move to determine rent. He timely moved to determine rent, and the trial court did not strike the motion as procedurally barred. Thus, the trial court erred in entering an eviction judgment without first holding a hearing and ruling on the motion. *See Jappa v. Master Lessee Mezzo, LLC*, 346 So. 3d 222, 223-24 (Fla. 2d DCA 2022) ("[B]ecause the record before this court indicates that Jappa filed her motion to determine the amount to be paid and request for hearing within five working days after she was served with the complaint, the trial court erred by entering a default final judgment without holding a hearing to resolve the disputed issues."); *Prince v. MCR Apts. 1, LLC*, 326 So. 3d 228, 228 (Fla. 3d DCA 2021) (holding tenant's pending motion for determination of rent precluded entry of the default final judgment of removal); *Axen*, 323 So. 3d at 801 (holding that "the undisposed-of motion to determine rent precluded" judgment based on nonpayment).

The eviction judgment and the trial court's "review notes" reflect that the trial court based the eviction judgment on the ground that the tenant failed to raise any "legal defense."[2] But section 83.60(2), on which the

---

[1] We recognize that form 1.923, governing eviction summonses, instructs a tenant to attach documentation to a motion to determine rent and thereafter contact the assigned judge for a hearing. But that requirement is not found in section 83.60(2) and we are without authority to expand the statutory requirement. The Florida Supreme Court has advised judges and practitioners that comments to rules as well as "standard" jury instructions are not necessarily a correct statement of the law. *See, e.g.*, *Standard Jury Instructions–Civil Cases*, 777 So. 2d 378, 379 (Fla. 2000) (cautioning that the "instructions reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability").

[2] It is not clear why the trial court found that the tenant failed to raise legal defenses. It appears he did. For instance, he alleged that the eviction was retaliatory. *See Jones v. Reid*, 358 So. 3d 494, 494 (Fla. 3d DCA 2023) (observing that the tenant's "affirmative defenses raised legal and equitable defenses, including a claim of retaliatory eviction").

landlord's motion for default judgment relied, does not require a tenant to assert meritorious defenses to avoid an immediate default judgment for possession. Instead, when a "tenant interposes any defense other than payment," a tenant must either deposit rent into a court registry or timely move to determine rent. The tenant timely moved to determine rent. Consequently, the trial court erred in not holding a hearing on the tenant's motion to determine rent.

*Reversed and remanded for further proceedings.*

WARNER and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**