# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-2223
Lower Tribunal No. 2023CC-000699-000-WH

_____

ALICIA M. JOERGER AND SHANNON M. MAHON,

Appellants,

v.

LAKE ALFRED PLACE, LLC,

Appellee.

_____

Appeal from the County Court for Polk County.
Bob Grode, Judge.

April 26, 2024

TRAVER, C.J.

Alicia M. Joerger and Shannon M. Mahon (collectively, "Tenants") appeal the county court's final default judgment of possession in favor of Lake Alfred Place, LLC ("Landlord"). We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Because the trial court never heard Tenants' timely and statutorily compliant motion to determine rent, we reverse.

Landlord and Tenants entered into a lease agreement. Four months later, Landlord sent a three-day notice to Tenants demanding overdue rent or possession

of the property. After Tenants failed to pay or vacate, Landlord sued for eviction. Tenants answered, admitting that they owed some rent but disputing the amount owed. Along with their answer, Tenants moved to determine rent, attaching supporting documentation. *See* § 83.60(2), Fla. Stat. (2022).

Lender then moved for judicial default because Tenants had failed to pay the overdue rent into the trial court registry. The next day, without conducting a hearing on Tenants' motion to determine rent, the trial court entered default judgment. Tenants moved for reconsideration, arguing that they were entitled to a hearing on their motion before the trial court defaulted them. The trial court denied Tenants' rehearing motion in an unelaborated order and subsequently entered final default judgment in Landlord's favor.

Section 83.60(2)'s requirements are at issue, and we review de novo matters of statutory interpretation. *See Stanley v. Quest Int'l Inv., Inc.*, 50 So. 3d 672, 673 (Fla. 4th DCA 2010) (citing *E.A.R. v. State*, 4 So. 3d 614, 629 (Fla. 2009)).

Tenants defending an action for possession based on nonpayment of rent may raise any legal or equitable defense. *See* § 83.60(1)(a). But if tenants raise any defense other than payment, they must deposit the accrued rent "as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due." § 83.60(2). Failure to make this deposit into the trial court's registry or to move to determine rent by the statutory deadline

2

constitutes "an absolute waiver of the [tenants'] defenses other than payment." *Id*. The landlord is then "entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon." *Id*.

Tenants filed a timely and compliant motion to determine the rent due. The trial court had to conduct a hearing and make a rent determination, and its premature entry of default final judgment was in error. *See, e.g.*, *Kaufman v. High Seas, LLC*, 49 Fla. L. Weekly D684, D685 (Fla. 4th DCA Mar. 27, 2024); *Axan v. Poah Cutler Manor, LLC*, 323 So. 3d 800, 802 (Fla. 3d DCA 2021). We vacate the final default judgment of eviction and remand for further proceedings.

REVERSED and REMANDED.

BROWNLEE and GANNAM, JJ., concur.

Alicia M. Joerger and Shannon M. Mahon, Lakeland, pro se.

Christopher Wickersham, Jr., of Law Offices of C.W. Wickersham, Jr., P.A., Jacksonville, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED