FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-1135
_____

LISA COLBY,

Appellant,

v.

LOUIS ZICARELLI,

Appellee.

_____


On appeal from the County Court for Okaloosa County.
Angela D. Mason, Judge.


August 21, 2024

PER CURIAM.

Lisa Colby, a tenant, appeals a final judgment in favor of Louis Zicarelli, the landlord, for eviction, possession, and unpaid rent. She challenges the trial court's granting of judicial default and subsequent final judgment on the basis that she failed to timely pay into the court registry per court order. Pursuant to subsequent filings, the issue of possession is now moot. However, we reverse and remand regarding the judicial default for the reasons stated below.

Mr. Zicarelli filed the underlying eviction action and sought outstanding rent, claiming Ms. Colby failed to pay rent for January, February, and March 2023. Ms. Colby raised payment as an affirmative defense, asserting she paid rent in cash for the first

two months alleged unpaid and that she paid into the court registry the remaining month plus an additional rent payment that accrued during the proceedings. Regardless, the trial court granted judicial default, finding she failed to abide by court order and pay into the court registry. Ms. Colby argues on appeal that because she interposed payment as a defense, the trial court was required to conduct an evidentiary hearing before granting default. We agree.

This Court reviews de novo issues requiring statutory interpretation. *E.A.R. v. State*, 4 So. 3d 614, 629 (Fla. 2009). Section 83.60(2), Florida Statutes, states in relevant part,

> Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry within 5 days, excluding Saturdays, Sundays, and legal holidays, after the date of service of process constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon.

As dictated by statute, the tenant must pay rent into the court registry or file a motion to determine rent and the failure to do either entitles the landlord to default judgment for removal of the tenant via writ of possession without further hearing. *Id.* "The only exception to this express statutory requirement is if the tenant interposes a defense of payment." *1560-1568 Drexel Ave., LLC v. Dalton*, 320 So. 3d 965, 969 (Fla. 3d DCA 2021); *see also Stanley v. Quest Intern. Inv., Inc.,* 50 So. 3d 672, 674 (Fla. 4th DCA 2010) ("The tenant is required to deposit the disputed rent into the court registry to assert any defense other than payment.").

On April 7, 2023, Ms. Colby received the summons that instructed her to pay the past due rent into the court registry, plus rent as it accrued. She timely paid two months' rent into the court registry on April 10, an amount to cover rent owed for March and April. On April 13, the trial court issued its order requiring Ms. Colby to pay rent, past due and as it accrues, into the court registry. The next day, Appellant filed her answer and raised

2

payment as a defense, claiming she paid rent for January and February in cash and the amount paid into the court registry went to both past due and rent that had since accrued. Then on April 28, the trial court granted Mr. Zicarelli's motion for judicial default on the basis that Ms. Colby had not paid past due rent into the court registry. But this is error, as Ms. Colby raised payment as a defense and had paid rent for March into the court registry.

Like a motion to determine rent, Ms. Colby's affirmative defense that she paid the alleged past due rent presents a genuine issue of material fact that warrants a hearing to resolve and precludes issuance of default and final judgment. *See Soundbar, LLC v. BYM Com.*, 328 So. 3d 1097, 1100 (Fla. 5th DCA 2021) ("[T]he trial court is constrained at the rent determination hearing to consider only the limited defenses constituting 'payment or satisfaction of the rent'"); *Pita v. State St. Bank & Tr. Co.*, 666 So. 2d 268 (Fla. 3d DCA 1996). Accordingly, we reverse the final judgment and judicial default and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

LEWIS, ROWE, and M.K. THOMAS, JJ., concur.

—————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

—————————————

Carrie Vaughn Cromey, Legal Services of North Florida, Pensacola, for Appellant.

John F. Howell, Howell Law Firm, Fort Walton Beach, for Appellee.